**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

J. TRAVIS LASTER
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: February 27, 2015
Date Decided: March 12, 2015

Stephen E. Jenkins
Carolyn S. Hake
Catherine A. Gaul
Andrew D. Cordo
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899

Kevin G. Abrams
John M. Seaman
Steven C. Hough
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

RE:     *Swomley v. Schlecht*, C.A. No. 9355-VCL

Dear Counsel:

The parties have asked the court to enter a Stipulation and Order Approving Notice to Purported Class Members and Scheduling Plaintiffs' Motion for Attorneys' Fees and Expenses. The parties included a form of Final Order and Judgment for the court to enter after the proposed notice and hearing procedure. The parties have proceeded in this fashion in a commendable effort to comply with the process outlined in the *Advanced Mammography* decision by Chancellor Allen. *See In re Advanced Mammography Sys., Inc. S'holders Litig.*, 1996 WL 633409 (Del. Ch. Oct. 30, 1996).

The procedure described in *Advanced Mammography* comes into play when the parties agree that (i) the defendants have taken action sufficient to render a class or derivative action moot and (ii) the defendants agree (or someone else agrees on their behalf) to pay a fee to plaintiffs' counsel in light of the benefits the litigation conferred by

contributing to the action taken by the defendants. Such a scenario presents two concerns. First, there is the possibility of a surreptitious buyout in which the defendants take cosmetic action that does not actually moot the plaintiffs' claims, but the plaintiffs go along in return for a fee. The remedy for this concern is to provide notice so that a different stockholder can argue that the claims were not rendered moot and seek to continue litigating them. *See id.* at *1 (citing "the risk of buy off" presented by the proposed fee payment); *accord In re Astex Pharm., Inc. S'holders Litig.*, 2014 WL 4180342, at *1 (Del. Ch. Aug. 25, 2014). Second, there is the possibility that the defendants may have rendered the action moot, but somehow acted wrongfully in doing so, perhaps by paying an excessive attorneys' fee or taking self-interested action that was unwarranted under the circumstances. The remedy for this concern is to provide notice so that other stockholders are aware of the defendants' action and can respond, either by challenging the defendants' decision in a new proceeding or through avenues other than litigation, such as by engaging with the board or with other stockholders. *See In re Zalicus, Inc. S'holders Litig.*, 2015 WL 226109, at *2 (Del. Ch. Jan. 16, 2015) (explaining that "notice is appropriate because it provides the information necessary for an interested person to object to the use of corporate funds"); *Hack v. Learning Co.*, 1996 WL 633306, at *2 (Del. Ch. Oct. 29, 1996) (noting that a different stockholder might "challenge the fee payment as waste in a separate litigation").

In *Advanced Mammography*, Chancellor Allen indicated that notice and a hearing on the question of mootness should be held before the action was dismissed to "afford the

class an opportunity to show that the case really is not moot [and] that the proposed payment to counsel is the only motivation for the dismissal on that ground." 1996 WL 633409, at *1; *see also Hack*, 1996 WL 633306, at *2. In the more recent *Zalicus* decision, Chancellor Bouchard streamlined the procedure by recognizing that a different stockholder can contend *in a subsequent action* that either (i) the claims in the original case had not been rendered moot or (ii) the action taken to moot the claims or the fee paid was unwarranted. There is no need to keep the original case open so that a hearing can be held on those issues because they can be addressed, if necessary, in a future case.

But notice is still required if a representative plaintiff seeks to dismiss class or derivative claims and compensation in any form will pass directly or indirectly to the plaintiff or her attorney, as happens whenever a mootness fee is paid. *See* Ct. Ch. R. 23(e)("[S]uch dismissal shall be ordered without notice thereof if there is a showing that no compensation in any form has passed directly or indirectly from any of the defendants to the plaintiff or plaintiff's attorney and that no promise to give any such compensation has been made."); Ct. Ch. R. 23.1(c) (same). The order providing for notice need not contemplate a hearing because the question of mootness and the propriety of the action taken to moot the claims or the payment of the fee can be challenged in a later case. The court is not ruling on the question of mootness or the amount of the fee. When defendants agree to pay a fee in a mooted case, they are not "engaged in court approved 'fee shifting' justified by a class benefit, but [are] exercising the business judgment of the board, as in any expenditure of corporate funds." *Advanced Mammography*, 1996 WL 633409, at *1.

This case involved a squeeze-out transaction in which SynQor, Inc. (the "Company"), a private corporation, merged with SynQor Holdings, LLC, an entity owned by members of management that included the Company's founder, Chairman, CEO, and controlling stockholder. The plaintiffs do not dispute that their disclosure claims are moot, and the parties have agreed on the amount of a fee. A hearing is not required on either issue, but notice must be provided to the former minority stockholders of the Company who were cashed out in the merger and who comprised the members of the putative class. Notice is necessary so that the members of the putative class will know what has taken place and can respond as they see fit.

In this case, notice to a wider range of parties is not required. In a scenario where the entity paying the fee is run by individuals who are themselves acting in fiduciary capacities, and where the conduct of those individuals or the entity has been called into question by the litigation, then it may be appropriate to provide some form of notice to the stockholders of that entity. A common example involves a publicly traded acquirer who allegedly aided and abetted a breach of fiduciary duty by the directors of the target corporation and who agrees to pay a mootness fee on behalf of the defendant directors. In that case, some form of notice to the acquirer's stockholders, such as disclosure in a securities filing, may be appropriate. *See In re Zalicus, Inc. S'holders Litig.*, Consol. C.A. No. 9636-CB (Del. Ch. Mar. 10, 2015) (ORDER) (requiring that the acquirer, "as the payor of the fee payment, shall file a Form 8-K providing notice to its stockholders of the

payment"). In this case, the party paying the fee is a private entity owned by the individual defendants, so there is no need for additional notice to its stockholders.

The notice shall be accomplished by mailing. There does not appear to be a reasonable alternative means of providing notice, such as through some combination of a press release, a Form 8-K, and disclosure on the company's and plaintiffs' counsel's websites. In other situations involving publicly traded corporations, the court has permitted notice by reasonable alternative means to alleviate the expense of a direct mailing. *See, e.g., See id.* (publication through PRNewswire and posting on surviving entity's website in addition to issuance by acquirer of Form 8-K regarding payment); *In re DFC Global Corp. S'holders Litig.*, Consol. C.A. No. 9520-CB (Del. Ch. Mar. 10, 2015) (ORDER) (publication in Investor's Business Daily and posting on plaintiff counsel's website); *In re Astex Pharm., Inc. S'holders Litig.*, Consol. C.A. No. 8917-VCL (Del. Ch. Nov. 4, 2014) (ORDER) (publication in Investor's Business Daily and GlobeNewsire and posting on surviving entity's website).

The notice shall describe clearly the nature of the claims that were rendered moot and how the action taken by the defendants rendered the claims moot. The notice shall state the amount of the fee and identify specifically who is paying the fee. The notice shall state that the court has not passed on the amount of the fee. The notice shall provide contact information for plaintiffs' counsel and defense counsel so that they can be reached if anyone has questions or concerns.

The parties shall submit a revised form of stipulated order (i) dismissing the disclosure claims, (ii) directing that notice be provided to the putative class, and (iii) eliminating references to a pre- or post-dismissal hearing and the procedures for appearing and objecting at a hearing. The dismissal shall be with prejudice as to the named plaintiffs and without prejudice as to other stockholders. The stipulated order shall state that the dismissal of the litigation shall become effective upon the filing of an affidavit of mailing evidencing that notice was provided as contemplated by the stipulated order. The stipulated order shall specify that once that has occurred, the court no longer will retain jurisdiction over the case.

Very truly yours,

*/s/ J. Travis Laster*

J. Travis Laster
Vice Chancellor